UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGINA RODRIGUEZ, ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | C.A. No. 11-cv-30119-MAP |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of ) | |
| Social Security, ) | |
|     Defendant ) | |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND
DEFENDANT'S MOTION FOR ORDER AFFIRMING
DECISION OF THE COMMISSIONER
(Dkt. Nos. 10 & 14)

July 24, 2012

PONSOR, U.S.D.J.

I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), this action seeks review of a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits. Plaintiff applied for disability benefits on February 6, 2009, alleging disability since January 1, 2009 due to knee problems, asthma, and high blood pressure. After a hearing on October 25, 2010, the Administrative Law Judge ("ALJ") found that Plaintiff was

not disabled and denied Plaintiff's claim.

Plaintiff filed this complaint on April 29, 2011, seeking a reversal of the ALJ's decision. She moves for judgment on the pleadings (Dkt. No. 10) arguing that the disability determination did not conform to the applicable legal standards and was not supported by substantial evidence. Defendant in turn moves for an order affirming the decision of the Commissioner (Dkt. No. 14). For the reasons stated below, Plaintiff's motion will be denied and Defendant's motion will be allowed.

## II. FACTS

A. <u>Plaintiff's Medical Condition</u>.

Around January 2008, Plaintiff visited Dr. Steven Holsten, an orthopedic surgeon, with complaints of knee pain. (A.R. 174.) He initially prescribed a round of drug treatments, which were ineffective. (A.R. 174.)

Dr. Holsten sent Plaintiff for an MRI, which revealed some evidence of torn medial menisci. (A.R. 175-76.) Following this, Dr. Holsten conducted an arthroscopy on Plaintiff's right knee in March 2008. (A.R. 177.) However, the arthroscopy revealed that her menisci were not torn in that knee. (<u>Id.</u>) Dr. Holsten did notice some degenerative

2

arthritis in the patellofemoral area. (Id. at 177-78.)

Plaintiff followed up with Dr. Holsten into the summer, visiting him roughly every other month. (Id. at 178-181.) Plaintiff was not seeing relief of her knee pain symptoms, with her left knee becoming more painful. (Id.) At an August 2008 office visit, Dr. Holsten told Plaintiff that she needed to make serious efforts at weight reduction, which, in his words, "she was not committed to." (A.R. 182.)

In April 2009, Dr. Holsten performed an arthroscopy on Plaintiff's left knee. (A.R. 329.) This procedure revealed the possibility of a torn medial meniscus and some degenerative arthritis (Id.) Dr. Holsten made arrangements for Plaintiff to participate in a weight loss program, which, he said, "was her only chance at salvation," as there was nothing more he could do surgically (A.R. 337.) Plaintiff continued to suffer from knee pain through July 2010, visiting the emergency room twice during the period. (A.R. 297-302, 431-36.) Despite repeated admonitions from Dr. Holsten at Plaintiff's regular office visits to lose weight, Plaintiff actually gained a significant amount of

3

weight during this time. (A.R. 415.)

At Plaintiff's hearing before the ALJ she testified that her pain was ongoing as of the hearing date, restricted her ability to sit in a comfortable position, affected her ability to walk and stand for extend periods, and interrupted her sleep. (A.R. 29-34.)

B.   State Agency Assessments.

Dr. Ludmila Perel examined Plaintiff's medical records and wrote in April 2009 that she could: (1) lift/carry 10 pounds frequently and 20 pounds occasionally; (2) stand/walk for around two hours; and (3) sit for around six hours in an eight hour workday.  In addition, Dr. Perel found that Plaintiff could only occasionally climb, balance, kneel, crouch or crawl, and needed to avoid concentrated exposure to extreme cold, hazards, fumes, odors, dusts, gases and poor ventilation. (A.R. 278-85.)

In November 2009, Dr. Robert Moore, also a state agency physician, reviewed Plaintiff's medical records and came to similar conclusions. (A.R. 374-81.)

C.   The Commissioner's Decision.

At Step One of the disability adjudicative process, the

ALJ found that Plaintiff met the insured requirements under the Social Security Act through December 31, 2012. (A.R. 9.) At Step Two, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. (A.R. 9.) At Step Three, the ALJ found that Plaintiff had the severe impairments of bilateral knee pain status post surgeries, asthma, obesity, and high blood pressure. (Id.) At Step Four, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. (Id.) At Step Five, the ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with additional limitations. Under these limitations, Plaintiff could not perform more than occasional bending, balancing or twisting; could not climb, kneel, crawl or operate foot petals; could not be exposed to dangerous moving machinery; had to avoid rough terrain, heights, and hazards such as dangerous moving machinery; could not climb ladders; could not perform more than occasional overhead work/reaching with her dominant upper extremity; could not perform work requiring concentrated exposure to fumes, dust, smoke, chemicals, and gases; and had to avoid humidity and temperature extremes. (A.R. 9-10.)

Based on the limitations in his RFC, the ALJ agreed

with testimony from a vocational expert that work existed in the national economy that Plaintiff was capable of performing. (A.R. 13-14.)

### III. DISCUSSION

Plaintiff argues (1) that the ALJ erred at Step Five by not considering her knee pain's affect on her ability to perform work and (2) that he also erred by giving diminished regard for Plaintiff's credibility based on her inability to lose weight.

A. <u>Standard of Review</u>.

Judicial review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. <u>Seavey v. Barnhart</u>, 276 F.3d 1, 9 (1st Cir. 2001). The responsibility for weighing conflicting evidence and resolving issues of credibility belongs to the Commissioner and his designee, the ALJ. <u>See</u> <u>id.</u> at 10. The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). Accordingly, the court must affirm the Commissioner's findings "if a reasonable mind, reviewing the

evidence in the record as a whole, could accept it as adequate to support his conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). This is true "even if the record arguably could justify a different conclusion." Rodriguez-Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

   1.   The RFC Determination

As noted above, at Step Five of his analysis the ALJ made an RFC assessment of Plaintiff. An RFC is "the most [an individual] can still do despite his or her limitations," 20 C.F.R. § 404.1545 (a)(1). Furthermore, the RFC assessment "must be based on all the relevant evidence in [a Plaintiff's] case record" and must encompass both medical and non-medical evidence. 20 C.F.R. §§404.1545(a)(1), (3), (b), 416.945(a)(1), (3), (b).

B.  Knee pain.

Plaintiff argues that the ALJ ignored Plaintiff's knee pain's effect on her ability to work, pointing out in her memorandum that her knee pain made her "off task" in a work setting. However, as Defendant points out, Plaintiff's only evidence in support of this contention was her own testimony, which did not explicitly mention work at all, excepting a brief discussion of the effect of sleep interruption. (A.R. 29-34.) Furthermore, Plaintiff did not

mention any mental limitations stemming from her knee pain in her application for benefits. (A.R. 133.) With such meager evidence in support of a knee-pain-based work limitation, there can be no doubt that the ALJ's decision to not include such an impairment in Plaintiff's RFC was well supported.

C.  Plaintiff's Obesity and her Credibility.

In addition to her knee pain issue, Plaintiff also argues that the ALJ's skepticism regarding her credibility, on the basis of her failure to lose weight, was improper. This argument is unpersuasive.

First, as Defendant points out, the ALJ conducted a detailed review of the medical evidence in the record (A.R. 10-12.) The ALJ found that this evidence -- which in general does not focus on Plaintiff's weight issues -- did not support a claim that she had a disabling condition. (Id.)

Second, as noted above, the ALJ found that despite complaints of disabling pain Plaintiff failed to follow Dr. Holsten's repeated advice to lose weight. (A.R. 179, 182, 260-61, 337, 340-41, 392, 412, 415).

It is well established that an ALJ can consider a claimant's reluctance to pursue recommended treatments, such as weight loss, in assessing credibility. Ramirez v.

Barnhart, 292 F.3d 576, 582 (8th Cir. 2002); <u>Sias v. Sec'y of Health and Human Servs.</u>, 861 F.2d 475, 480 (6th Cir. 1988). In light of this authority, the ALJ's conclusions about Plaintiff's credibility and her weight were well supported. He properly considered her weight in the context of the statements she made at the hearing, where, for example, she said that she needed to lie down on the couch all day four times a week. (A.R. 12). This was in direct contrast with Dr. Holsten's instruction for Plaintiff to begin exercising. (<u>Id.</u>)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) is hereby DENIED, and Defendant's Motion for Order Affirming Decision of Commissioner (Dkt. No. 14) is hereby ALLOWED. The clerk will enter judgment for Defendant. The case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
**MICHAEL A. PONSOR**
U. S. District Judge